# STATE *v.* JOHN SWIGGART.

## (*Jackson.*   April Term, 1907.)

1. **STATUTES.** Journal entries as to enactment `need not be specially pleaded or proved; judicial notice thereof.

    The journals of the general assembly showing the various steps taken in the enactment of statutes are not required to be specially pleaded or proved, when a statute is attacked for the want of formalities in its enactment required by the constitution; for the courts will take judicial notice of all entries relating to legislation.   (*Post, pp.* 558, 559.)

    Constitution cited and construed:   Art. 2, sec. 21.

2. **SAME.** Title or caption need not be stated in journal entries; identifying description is sufficient.

    The constitution does not require the caption or title of a legislative bill to be stated in the several journal entries showing the various steps taken in its enactment, nor that it be described in the same words in these entries; for all that is necessary is that it be so described as to identify it.   (*Post, pp.* 560, 561.)

    Acts cited and construed:   Acts 1903, ch. 249.

3. **SAME.** Same. Discrepancies in journal entries treated as abbreviations or omissions supplied by presumption.

    Discrepancies between the several journal entries showing the passage of a bill, and between those entries and the title of the act, are treated as mere abbreviations or omissions, which will be disregarded as immaterial or supplied by presumption of regularity in the proceedings of the general assembly.   (*Post, pp.* 561, 562.)

    Acts cited and construed:   Acts 1903, ch. 249.

    Constitution cited and construed:   Art. 2, sec. 18.

    Case cited and approved:   Nelson v. Haywood Co., 91 Tenn., 595.

State v. Swiggart.

4. **SAME. Presumptions in favor of regularity and validity of legislative proceedings.**

Every reasonable presumption will be made in favor of the regularity and validity of the proceedings of the general assembly as a co-ordinate branch of the government. (*Post, pp.* 562-564.)

Cases cited and approved: State v. McConnell, 3 Lea, 333; Williams v. State, 6 Lea, 553; Brewer v. Huntingdon, 86 Tenn., 737; State, ex rel., v. Algood, 87 Tenn., 164; Nelson v. Haywood Co., 91 Tenn., 595.

---

FROM OBION.

---

Appeal in error from the Circuit Court of Obion County.—R. E. MAIDEN, Judge.

ATTORNEY-GENERAL CATES, for State.

A. J. HARPOLE, for defendant.

---

MR. JUSTICE SHIELDS delivered the opinion of the Court.

This is a presentment found by the grand jury of Obion county against John Swiggart, road commissioner for the First civil district of said county, for failure to discharge certain of the duties imposed upon him by the general road law enacted by the general assembly April 15, 1901. Chapter 136, p. 237, of the pub-

State v. Swiggart.

lished Acts of that year, as amended by chapter 249, p. 580, of the published Acts of 1903.

The defendant filed a plea in abatement, averring that the presentment was not made upon the knowledge of any member of the grand jury, but upon the testimony of witnesses called by the grand jury in the exercise of inquisitorial powers, which was not authorized by any valid or constitutional law.

The district attorney, conceiving that such authority existed, moved to strike the plea from the file as constituting no defense to the presentment. This motion was overruled, and, the district attorney declining to reply to the plea in abatement, the case was dismissed, and the State has prosecuted an appeal in the nature of a writ of error to this court, and assigns this action of the trial judge as error.

The contention of the defendant in error that the grand jury had no inquisitorial powers in cases of this character is predicated upon the insistence that chapter 249, p. 580, of the Acts of 1903, conferring such power upon grand juries, is unconstitutional and void, because it was not passed by the general assembly with the formalities required by the constitution, and that this appears from entries upon the journals of the senate and house of representatives.

The journals of the general assembly showing the various steps taken in the enactment of statutes are not required to be specially pleaded or proven, when a statute is attacked for want of the formalities in its

enactment required by the constitution.   Both houses are by the constitution (article 2, sec. 21) required to keep a journal of their proceedings and publish them, except such parts as the welfare of the State may require to be kept secret, and courts will take judicial notice of all entries relating to legislation.   Elliott on Evidence, vol. 1, sec. 44.

The caption of the general road law (chapter 136, p. 237, Acts of 1901), is in these words:

"An act to regulate the working and laying out of public roads in this State except in counties of 70,000 inhabitants and over by federal census of 1900 or any subsequent federal census."

The caption of chapter 249, p. 580, Acts of 1903, which is the act called in question, is in these words:

"A bill to be entitled 'An act to amend an act entitled "An act to regulate the working and laying out of public roads in this State except in counties of 70,000 inhabitants and over by federal census of 1900 or any subsequent federal census," passed April 15, 1901, and approved April 22, 1901.'"

This amendatory act was introduced in the senate as "Senate Bill No. 291," and the first entry on the senate journal in relation to it is in these words:

*"Introduction of Bills.*

"By Mr. McFarland—Senate Bill No. 291, an act to amend the road law as to certain counties.

"Passed first reading."

Other entries upon the senate journal describe it as

"Senate Bill No. 291, an act to amend the road law as to certain counties," and show that it passed the second and third readings, was duly enrolled, and transmitted to the house as "Senate Bill No. 291, to amend the road law."

The house journal shows that "Senate Bill No. 291, to amend the road law as to certain counties," passed the first and second readings, and that "Senate Bill No. 291, to amend the road law so as to make it a misdemeanor for road contractors to fail to carry out contracts," failed for want of a constitutional majority, and that this action was reconsidered, and "Senate Bill No. 291, to amend the road law," passed third reading. It further appears that "Senate Bill No. 291" was signed by the speakers of the two houses and returned by the governor with his approval. The discrepancies in the statement of the object of the bill which appear in the house journal, showing that it failed for want of a constitutional majority, where it is described as "Senate Bill No. 291, to amend the road law so as to make it a misdemeanor for road contractors to fail to carry out contracts," its passage on third reading, where it is described as "Senate Bill No. 291, to amend the road law," and its transmission back to the Senate, where it is described as "Senate Bill No. 291, to amend the general road law," are relied upon to show that it was not properly enacted and is void.

We are of opinion that this contention is not sound. The constitution contains no provision requiring the

caption or title of a bill to be stated in the several journal entries showing the various steps taken in its enactment. There is no requirement that it be described in the same words in these entries. All that is necessary is that it be so described as to identify it. This is done in this case by the recital that it is "Senate Bill No. 291," and that it relates to the road law. The bill was not amended in either house, and the entries made upon the journals are sufficient to show that it was regularly and constitutionally enacted. Discrepancies between the several journal entries showing the passage of a bill, and between those entries and the title of the act, are treated as mere abbreviations or omissions, which will be disregarded as immaterial or supplied by presumption of regularity in the proceedings of the general assembly. *Nelson* v. *Haywood County*, 91 Tenn., 595, 20 S. W., 1.

The only constitutional provision in relation to the enactment of laws by the general assembly bearing upon the question before us is article 2, section 18, requiring that every bill shall be read and passed on three different days in each house, first in the house where it originated, and shall receive on its final passage in each house the assent of a majority of all the members to which that house is entitled under the constitution, and shall be signed by the respective speakers in open session, the latter fact to be noted on the journals; and this last provision, noting that it has been signed by the speak-

ers, is not mandatory. The general assembly is a coordinate branch of the government, and every reasonable presumption is made in favor of the regularity and validity of its proceedings. In the case of *Williams* v. *State*, 74 Tenn., 553, the fact that the house journal failed to show affirmatively that a bill received a constitutional majority on its third reading in that house was held not to be fatal to its validity. It is there said:

"The rule is that the journal may be looked to in order to determine whether the bill was in fact passed, but every reasonable presumption must be made in favor of the action of the legislative body acting in the apparent performance of its legal functions. The courts will not presume from the mere silence of the journals that the house has disregarded the constitutional requirements, unless where the constitution expressly requires the fact to appear on the journals. Our constitution does not require that the ayes and noes shall appear on the journal, or that it shall affirmatively appear that the bill received a constitutional majority. We will not, therefore, presume that this bill was declared passed when in fact it was not, especially when we see that it was afterwards signed by the speakers in open session and the fact announced and entered upon the journals."

In *Brewer* v. *Mayor and Aldermen of Huntingdon*, 86 Tenn., 737, 9 S. W., 166, it was held that where it appears affirmatively from the journals that a bill was rejected in either house before its final passage it is

void, notwithstanding it may also appear that it was signed by the respective speakers in open session by proper entries upon the journals and that it was approved by the governor. But it is also there said, as having been held in a former case, "that while the journals would be considered in determining the validity of an act of the legislature, every reasonable inference and presumption would be drawn and indulged in favor of the regularity of its passage, and where it did not affirmatively appear not to have passed, and such legitimate construction could be given to the record as sustained the law, it would be done."

In the case of *State* v. *McConnell,* 71 Tenn., 333, it was held that the failure of the journals of the senate to show that a bill was passed upon its second reading will not affect its validity, when it appears that it was passed in both houses upon the third reading, signed by the speaker in each house in open session, and approved by the governor.

The case of *State, ex rel.,* v. *Algood,* 87 Tenn., 164, 10 S. W., 310, is also to the effect that where an act has been signed by the speakers of both houses in open session, and that fact noted upon the journals, and has been approved by the governor, every reasonable presumption will be made in favor of the regularity of its passage, and that nothing short of a journal entry showing affirmatively that it was rejected by the senate or house will vitiate it. In the case of *Nelson* v. *Haywood County,* above cited, discrepancies in the description of the

bill there in question in the journal entries showing its progress through the two houses of the general assembly, and between those entries and its title, much greater than those relied upon here, were held to be immaterial, and insufficient to destroy the statute.

The action, therefore, of the trial judge in holding that chapter 249, p. 580, of the Acts of 1903, was not constitutionally enacted, and void, and overruling the motion of the State to strike out the plea of the defendant, because not good in law, was erroneous, and his judgment is reversed. The case will be remanded for further proceedings.