State ex rel. v. Davis.

STATE *ex rel.* THOMPSON, *et al. v.* W. D. DAVIS, County Trustee.

(*Jackson.*   April Term, 1922.)

1. **STATUTES.**  Legislative journal entries held to raise presumption that act was regularly passed unless journals affirmatively show the contrary.

Though affirmative entries on the legislative journals that an act was rejected in either house before its final passage invalidate the act notwithstanding its proper signature by the respective speakers and approval by the Governor, the entries of a journal showing that the act was signed in open session in each house by the respective speakers and was approved and published raises every reasonable presumption and inference in favor of the regularity of its passage unless the journals furnish affirmative proof of the contrary.  (*Post, pp.* 290, 291.)

Acts cited and construed:   Acts 1917, ch. 771;   Acts 1921, ch. 840.

Cases cited and approved:   Brewer v. Mayor and Aldermen of Huntingdon, 86 Tenn., 732;   State ex rel. v. Algood, 87 Tenn., 163; State v. McConnell, 71 Tenn., 333;   Williams v. State, 74 Tenn., 549;   Nelson v. Haywood County, 91 Tenn., 603;   Telegraph Co. v. Nashville, 118 Tenn., 9;   State v. Swiggart, 118 Tenn., 562; Richardson v. Young, 122 Tenn., 568;   Jackson v. Mfg. Co., 124 Tenn., 424.

Case cited and distinguished:   Wilson y. State, 143 Tenn., 55.

2. **STATUTES.**  Journal entries held not to overcome presumption of regular passage of act.

The entries in the House Journal showing that, when an act was placed upon its final passage, it failed to receive the constitutional majority, does not affirmatively show that it was not thereafter regularly passed by such majority, as might be, and frequently

is, done, so as to overcome the presumption of regularity of passage from journal entries showing it was regularly signed in open session and approved and published. (*Post, pp.* 291, 292.)

· FROM GIBSON.

Appeal from the Chancery Court of Gibson County.— HON. V. H. HOLMES, Chancellor.

. MOORE & HUDGINS, for appellant.

TAYLOR, TAYLOR & ADAMS, for appellees. .

MR. JUSTICE HALL delivered the opinion of the Court.

The bill was filed in this cause in the chancery court of Gibson county, in the name of the State of Tennessee, upon relation of W. N. Thompson and others, directors of Mason Hall special school district of Gibson county, seeking a writ of mandamus to require the defendant, W. D. Davis, as trustee of Gibson county, to collect a tax of thirty cents on each $100 of taxable property situated within said special school district, as provided by chapter 711, Private Acts of 1917.

The bill alleges that said defendant had declined and refused to collect said thirty cents on each $100 of taxable property within said district for the year 1921, and gives as his excuse for not doing so that chapter 840, Private Acts of 1921, which is a later act, amended chapter 711 of the Private Acts of 1917 so as to reduce the rate of taxation on property situated in said special school district from thirty to fifteen cents on each $100 of taxable property situated within said district, and that fifteen cents

on each $100 of taxable property within said district was all that defendant was legally entitled to collect.

The bill further alleges that, while it is true that chapter 840 of the Private Acts of 1921 undertakes to reduce the rate of taxation from thirty cents to fifteen cents on each $100 of taxable property within said special school district, said act is not controlling because it was never constitutionally passed by the legislature of 1921, for the following reasons:

Chapter 840 originated in the House, and was House Bill No. 1713. On April 8, 1921, after said bill had regularly passed first and second readings, it was put upon its final passage, and the House failed for the want of a constitutional majority; that the journal of the House shows the vote stood thirty-two ayes and noes twenty-six, and representatives present and not voting twenty-one.

That the next action on said bill, according to the House Journal, was on Saturday, April 9th, at which time the committee on enrolled bills reported that House Bill No. 1713 had been properly engrossed. On the same day the clerk of the Senate reported that the bill had been substituted for the Senate bill on the same subject and was passed by the Senate. On the same day the chairman of the committee on enrolled bills reported that House Bill No. 1713 had been properly enrolled and was ready for the signatures of the speakers, and the Speaker of the House announced that he had signed said bill; that the journal shows said bill was likewise signed by the Speaker of the Senate, and was approved by the Governor on April 9th.

The bill alleges that the foregoing journal entries affirmatively show that said bill was not passed in the manner

146 Tenn.—19

prescribed by the Constitution, and therefore never became a valid enactment.

The defendant demurred to the bill. His demurrer was overruled by the chancellor, and on motion of complainant a peremptory writ of mandamus was directed to issue against defendant commanding him forthwith to collect thirty cents on each $100 of taxable property within said special school district, and he was also taxed with the costs of the cause.

From this decree he has appealed to this court, and has assigned the action of the chancellor in directing the issuance of said peremptory writ of mandamus for error.

We are of the opinion that the decree of the chancellor is erroneous.

It was held by this court in *Brewer* v. *Mayor and Aldermen of Huntingdon*, 86 Tenn., 732, 9 S. W., 166, that where it appears affirmatively, by entries on the journals, that an act was rejected in either house before its final passage, it is void, although it may also appear, by proper journal entries, that it was signed by the respective speakers in open session, and that fact noted on the journals, and that it was approved by the Governor.

In *State ex rel.* v. *Algood*, 87 Tenn., 163, 10 S. W., 310, it was held that, where an act of the legislature has been signed by the respective speakers of both houses in open session, and that fact noted on the journals, and has been approved by the Governor, every reasonable presumption and inference will be made in favor of the regularity of its passage, and it will be upheld unless the journals affirmatively show that it was defeated.

To the same effect is the rule announced by this court in *State* v. *McConnell*, 3 Lea, 333; *Williams* v. *State*, 6 Lea,

549; *Nelson* v. *Haywood County,* 91 Tenn., 603, 20 S. W., 1; *Telegraph Co.* v. *Nashville,* 118 Tenn., 9, 101 S. W., 770, 11 Ann. Cas., 824; *State* v. *Swiggart,* 118 Tenn., 562, 102 S. W., 75; *Richardson* v. *Young,* 122 Tenn., 568, 125 S. W., 664; *Jackson* v. *Manufacturing Co.,* 124 Tenn., 424, 137 S. W., 757; *Wilson* v. *State,* 143 Tenn., 55, 224 S. W., 168. In the case last cited this court said:

"When an act is signed by the respective speakers in open session, and this fact is noted on the journals, and the act is approved and published, every reasonable presumption and inference will be indulged in favor of the regularity of its passage, and it will be presumed to have been regularly passed, unless the journals furnish affirmative proof to the contrary."

The question presented, therefore, is: Do the journals show that the act in question was not regularly passed in the manner prescribed by the Constitution? We think not. The mere fact that the journal entries show that the bill appearing as chapter 840 of the published Private Acts of 1921 was put upon its final passage in the House and failed for the want of a constitutional majority on a certain date is not affirmative evidence that it was not thereafter called up and regularly passed in the House. It is a matter of common legislative history and political experience that bills often fail in either house of the legislature when put upon their final passage for the want of a constitutional majority, and are afterwards called up and regularly passed. It is also a well-known rule of the legislature that the failure of a bill to receive a constitutional majority is not a defeat of the bill, and is not an affirmative showing of the defeat of such bill. It is merely a showing that it did not pass at that time for the

want of a constitutional majority, and may be called up and subsequently passed.

The bill in question, as the journal entries show, was signed by the respective speakers and approved by the Governor, and, in accordance with the rule announced in the cases above cited, the presumption will be indulged that it was passed in the manner prescribed by the Constitution, a. l will be treated as a valid enactment.

It results that the decree of the chancellor will be reversed, and the peremptory writ of mandamus dismissed.

Relators will be taxed with the costs of the cause.