R. C. KEFAURER *et al. v.* C. J. SPURLING, COUNTY COURT CLERK.*

(*Knoxville.* September Term, 1926.)

Opinion filed, November 20, 1926.

1. **CONSTITUTIONAL LAW. Enactment of laws. Style.**
Article 2, section 20, of the State Constitution providing that: "The style of the laws of this State shall be, 'Be it enacted by the general Assembly of the State of Tennessee,' " is mandatory, and without an enactment, is invalid. (Post, p. 614.)

2. **SAME. Same. Enrollment.**
When a bill has been finally passed in both houses, signed by the presiding officers of each, approved by the governor, and filed away by Secretary of State, as the highest evidence of what the law is, it is called "an enrolled bill." (Post, p. 615.)
Citing: Corpus Juris, 1265.

3. **SAME. Same. Journals. Notation therein.**
The legislative journals may be looked to for the purpose of determining whether an Act was constitutionally passed. (Post, p. 616.)
Citing: Webb v. Carter, 129 Tenn., 186, 188.

4. **SAME. Same. Same. Impeachment by journal.**
While the every reasonable presumption will be indulged in favor of the regularity of an "enrolled bill," that it was passed in some other form must be shown by affirmative proof to the contrary, appearing from the Journals. (Post, p. 615.)
Citing: Private Acts, 1925, ch. 135 and 692; State ex rel. v. Davis, 146 Tenn., 290.

---

*Headnotes 1. Statutes, 36 Cyc., p. 967; 2 Statutes, 36 Cyc., p. 967; 3. Statutes, 36 Cyc., p. 1243; 4. Statutes, 36 Cyc., pp. 1246, 1247.

---

FROM MONROE.

---

Appeal from Chancery Court of Monroe County.—Hon. T. L. Stewart, Chancellor.

J. D. Penland, for appellant.

N. M. McDaniel and R. R. Kramer, for appellees.

Mr. Justice McKinney delivered the opinion of the Court.

One of the questions involved is the constitutionality of chapters 135 and 692 of the Private Acts of 1925, the general object of which is the assessment of farms and farm homes, for county purposes in Monroe county, upon an income producing basis rather than upon their actual cash value.

The latter act is dependent upon the first, and necessarily becomes ineffectual if the former fails. Our discussion, therefore, will be confined to chapter 135.

The chancellor held the act invalid, and, in our opinion, he was correct in so holding.

Article 2, section 20, of our Constitution provides that, "The style of the laws of this State shall be, 'Be it enacted by the general assembly of the State of Tennessee.'"

This provision is mandatory. *State ex rel.* v. *Burrow*, 119 Tenn., 388. Both the enrolled bill and its publication show that it contained no enacting clause.

In 20 Corpus Juris, 1265, it is said:

"When a bill which has been introduced into the legislature has been finally passed in both houses, signed by the officers of each, signed by the governor, and filed away

by the Secretary of State as the highest evidence of what the law is, it is called 'an enrolled bill.' "

In *State ex rel.* v. *Davis*, 146 Tenn., 290, a number of decisions of this court are cited holding that:

"When an act is signed by the respective speakers in open session, and this fact is noted on the journals, and the act is approved and published, every reasonable presumption and inference will be indulged in favor of the regularity of its passage, and it will be presumed to have been regularly passed, unless the journals furnish affirmative proof to the contrary."

The presumption would necessarily follow that the act was passed in the form set forth in the enrolled bill. That it was passed in some other form could, at most, only be shown by affirmative proof to the contrary appearing from the journals.

Many courts hold that the recitations of an enrolled bill are conclusive and cannot be impeached by the legislative journals, but this court is committed to the doctrine that the journals may be looked to for the purpose of determining whether an act was constitutionally passed. *Webb* v. *Carter*, 129 Tenn., 186, 188, and cases referred to therein.

With respect to the act in question, the journals do not affirmatively show that it contained the constitutional enacting clause when passed.

Certainly a citizen has a right to treat a statute as invalid where he has inspected the enrolled bill and finds that it contains no enacting clause, and finds nothing on the legislative journals affirmatively showing that it did contain such a clause when passed. Further than this no one should be required to go in determining the valid-

ity of a statute. We do not decide in this cause that, in a situation of this kind, the citizen has to resort to the journals, as that question is not involved.

In *People* v. *Dettenthaler* (Mich.), 44 L. R. A., 167, the court approved the following language from the opinion in *State ex rel. Chase* v. *Rogers* (Nev.), 21 Am. Rep., 738, to-wit:

"Our Constitution expressly provides that the enacting clause of every law shall be, 'The people of the State of Nevada, represented in senate and assembly do enact as follows: The language is susceptible of but one interpretation. There is no doubtful meaning as to the intention. It is, in our opinion, an imperative mandate of the people, in their sovereign capacity to the legislature, requiring that all laws, to be binding upon them, upon their face, express the authority by which they were enacted; and, as this act comes to us without such authority appearing upon its face, it is not a law. . . .

"The certificates of the proper officers of the senate and assembly that such an act was passed in their respective houses do not and could not impart vitality to any act which upon its face failed to express the authority by which it was enacted."

The theory of the appellants is that one of the clerks in engrossing the bill either purposely or by oversight omitted the enacting clause.

This is only surmise and is not supported by any evidence, if it be conceded that such evidence were competent.

This conclusion is based upon the certificate of the clerk of the House to the effect that the bill, when intro-

duced and passed on second and third readings, contained an enacting clause.

The act was first passed in the House, and after being amended in the Senate was passed by that body. It was then returned to the House where the Senate amendments were concurred in.

The next entry on the House Journal is as follows:

### COMMITTEE ON ENROLLED BILLS.

"MR. SPEAKER:

"Your Committee on Enrolled Bills beg leave to report that we have carefully compared House Bill No. 23 and find same correctly enrolled and ready for the signature of the Speaker.

"CHOATE, Chairman."

Then follows the usual entries announcing that the speakers and the governor had signed the bill.

Our conclusion is that, treating the certificate of the clerk of the House as competent, the record, as a whole, does not show that the bill as passed contained an enacting clause.

If the omission were made when the bill was engrossed in the House then it did not contain the enacting clause when it was passed by the Senate.

Looking at the matter from any standpoint, we are unable to sustain this act and must affirm the decree of the chancellor.

It is unnecessary to pass upon other questions.