STATE *ex rel. v.* PHILLIPS.*

AND

CITIZENS BANK OF ROGERSVILLE *v.* HAWKINS COUNTY *et al.*

(*Knoxville,* September Term, 1929.)

Opinion filed October 19, 1929.

PHILLIPS & HALE, for complainant, relator appellee.

MARGRAVE & MONEYHUN, for defendant, Phillips, appellant.

PHILLIPS & HALE, for complainant, Citizens Bank of Rogersville, appellee.

LOUDERBACK & LOUDERBACK, for defendant, Hawkins County, appellant.

MR. JUSTICE SWIGGART delivered the opinion of the Court.

Chapter 21 of the Private Acts for 1929 authorizes Hawkins County to borrow money for the construction and improvement of designated roads, and creates a road commission of five members. One of the members of this commission named in the Act was a member of the General Assembly at the time the Act was passed. The suit first above styled questions the constitutionality of the appointment of this member of the road commission, under the constitution, article 2, section 10,

which provides: "No senator or representative shall, during the time for which he was elected, be eligible to any office or place of trust, the appointment to which is vested in the executive or the General Assembly, except to the office of trustee of a literary institution."

Bonds issued and sold by the county under the authority of the Act were refused by the purchasers because of the constitutional question involved in the designation of a member of the General Assembly as a member of the road commission, the purchasers taking the position that the apparent conflict with the constitution renders the Act void. The second suit seeks a declaratory judgment on this proposition. Assignments of error in the second suit present no question other than the constitutionality of the statute.

The provisions of the statute material to the issues are found in the third section, and are: "The type of construction, location as to general route, and expenditure of said funds shall be vested in a road commission, consisting of Geo. H. Campbell, W. T. Testaman, W. W. Phillips and Pleas Rogers. This road commission shall expire two years from the time the work begins. A new commission shall then be appointed by the Quarterly County Court. This road commission shall be under the supervision of the Quarterly County Court and any changes therein shall be made by the Court."

It is contended by the defendant in the first case that membership on this county road commission is a mere "agency," and is neither an office nor a place of trust. It is contended that the "place of trust" to which the General Assembly is prohibited from appointing its own members is only a place of trust which amounts to the dignity and importance of an office; and *Todtenhausen* v. *Knox County*, 132 Tenn., 178, is cited as authority for

the contention that the road commissioners appointed in the Act are not officers, as that term is used in the constitution.

It is our opinion that the purpose of the constitutional provision can best and only be served and enforced by giving to its terms their ordinary and inherent meaning. It may be sometimes difficult to determine whether a public servant is an officer or a mere employee, as in *Todtenhausen v. Knox County, supra,* but such refinement of definition and construction seems to us to be out of place in applying the provisions of article 2, section 10, of the constitution. A temporary place of trust, such as is here involved, may as likely be coveted by members of the General Assembly as an office of permanent duration, and the manifest object of the constitution is that senators and representatives shall have no such direct interest in pending legislation.

Membership in a commission vested with power to locate public roads and expend public money is a place of trust, in the ordinary meaning of the term. *State ex rel. Milligan* v. *Jones,* 143 Tenn., 575. It follows, in our opinion, that the General Assembly was prohibited by the constitution from designating one of its members as one of the road commissioners named in the Act under consideration.

It does not follow, however, that the Act itself must be struck down as unconstitutional. The result is only that one of the designated members of the road commission is ineligible to serve. Power to appoint or elect another in his stead is vested by the Act in the Quarterly County Court, by the provision that "any change" in the commission shall be made by that body. This power could be exercised if one or more of the

members of the commission named in the Act should refuse to serve or become ineligible for any cause, and we see no reason why it should not be exercised to replace a person ineligible under the constitution because of his·*status* at the time he was named by the General Assembly.

The decree of the Chancellor in each case will be affirmed, with costs against the appellant.