David **WILDS** et al.

v.

William H. **COGGINS** et al.

Supreme Court of Tennessee.

June 4, 1973.

Ben K. Wexler, John K. Wilson, Greeneville, for appellants.

Edward F. Hurd, Newport, for appellees.

## OPINION

McCANLESS, Justice.

By their complaint, as amended, the plaintiffs, describing themselves as citizens, residents, and taxpayers of Cocke County, living in the Second Civil District of the County, sought to enjoin the issuance of $4,000,000.00 of school bonds that the County Court had authorized. The complaint named as defendants the Chairman of the County Court, the County Court Clerk, the Superintendent of Schools of the County, and all the members of the County Court except one of the plaintiffs, he, himself being a member of the County Court.

The sole ground on which the plaintiffs rely in support of their claim that the proposed bond issue is invalid and as a consequence should be enjoined is that it has not been approved by an election in accordance with Section 5–1025, T.C.A., although a petition signed by more than ten per cent of the qualified electors of the county protested the issuance of the bonds as provided in Section 5–1024, T.C.A.

The defendants contend that the court authorized the issuance of the bonds under the provisions of Sections 49–701 to 49–720, inclusive, T.C.A., which does not require the approval of bond issues by the electors.

The Chancellor heard the issues on the complaint and answer and dismissed the plaintiffs' suit. The plaintiffs have appealed and have assigned the single error:

"That the lower Court erred in its finding that county school bonds were not included in the provisions of T.C.A. 5–1020(a), 5–1024 and related sections."

The issue, then, is whether Section 5–1024, T.C.A., must be made to apply to school bonds authorized by the County Court under the authority of and in accordance with the terms of Section 49–701 to 49–720, inclusive, T.C.A.

Sections 49–701 to 49–720 provides for the issuance of school bonds—but bonds for no other purposes—by County Courts. It originated as Chapter 60 of the Public Acts of 1911. Section 5–1024 is a part of a statute enacted as Chapter 224 of the Public Acts of 1957 and authorizes the issuance of bonds for public works naming, but not limiting thereto, more than forty purposes for which the bonds may be issued.

The Chancellor in his opinion took judicial notice that Chapter 224 of the Public Acts of 1957, as introduced in the General Assembly, had included schools as one of the purposes for which bonds might be issued under its authority, but that during its passage the word "schools" had been deleted. He included in his opinion excerpts from the House and Senate Journals.

■ The Journals of the General Assembly, showing the various steps taken in the enactment of statutes, are not required to be specially pleaded or proven and the courts will take judicial notice of all entries relating to legislation. State v. Swiggart, 118 Tenn. 556, 102 S.W. 75 [1907]. The Chancellor properly noticed the action of the General Assembly in deleting "schools" from the 1957 Act during the course of its enactment.

It appears from the legislative history of this statute that it was the intent of the general assembly in enacting it to exclude schools from the purposes for which bonds might be authorized under its authority.

■ Sections 5–1024 and 5–1025, T.C.A., apply only to the issuance of bonds authorized by the provisions of Chapter 10 of Title 5, T.C.A., and have no application to any bonds issued under any other authority.

The filing by the plaintiffs of a petition in accordance with Section 5–1024, T.C.A., was without legal significance and the

Chancellor properly dismissed their suit. We affirm his decree.

DYER, C. J., CHATTIN and HUMPHREYS, JJ., and WILSON, Special Justice, concur.