**Edward MITCHELL et al., Appellants,**

**v.**

**Benjamin E. CARMICHAEL et al., Appellees.**

Supreme Court of Tennessee.

March 31, 1975.

by citizens of Lincoln County, against the Commissioner of Education of Tennessee and the State Attorney General and other State officials. Also joined as defendants were the County Judge of Lincoln County, Tennessee and a number of other county officials.

Following the release of the opinion of this Court in the case of Adams v. State ex rel. Chattanooga Coke & Chemicals, 514 S.W.2d 424 (Tenn.1974), on September 30, 1974, the Chancellor, *sua sponte*, dismissed the action as to the Lincoln County defendants upon the ground that the Chancery Court of Davidson County, Tennessee had no jurisdiction to determine the issues as to those defendants.

Although there is no order in the record before us praying for and allowing any sort of appeal, there is an order overruling a motion for a new trial and purporting to extend the time to allow the appellants to perfect their appeal.

There is no certification or other compliance with T.C.A. § 27–305, as amended, purporting to permit an interlocutory appeal in this case. Accordingly, for the reasons stated in Frame v. Marlin Firearms Co., Inc., 514 S.W.2d 728 (Tenn. 1974), the interlocutory appeal filed in this Court by the appellants is dismissed at their cost.

Because of the public nature of the subject matter of this litigation and related litigation pending in the Chancery Court of Lincoln County, Tennessee, and pursuant to the supervisory jurisdiction of this Court, T.C.A. § 16–331, and its inherent power over the administration of justice and the conduct of attorneys in this state, the following directions are given, and a copy of this opinion will be furnished the Chancellor of the Chancery Court of Lincoln County, Tennessee for his information and guidance.

*Following dismissal of their action in the* Davidson County Chancery Court as to the Lincoln County defendants, appellants in-

Jack Kershaw, Nashville, for appellants.

Robert W. Simms, County Atty., Fayetteville, W. Henry Haile, Asst. Atty. Gen., Nashville, for appellees.

## OPINION

PER CURIAM.

This action was instituted in the Chancery Court of Davidson County, Tennessee

stituted an identical action in the Chancery Court of Lincoln County, Tennessee against the Lincoln County defendants and also against the State officials who had been joined in the Davidson County case. It is the information of this Court that the Chancery Court at Nashville has subsequently dismissed the Davidson County litigation as to the State officials, as well as to the Lincoln County officials in reliance upon previous decisions of this Court in 1972 and 1973 in the cases of White v. Warf, No. 93495 and Young v. Warf, No. A-1536.

Accordingly the Davidson County litigation now stands entirely dismissed. Although there may be an appeal from the final dismissal of the action at Nashville, this Court sees no reason for delay in the setting and disposition of the Lincoln County case by reason of possible appellate proceedings in the Nashville case.

The Lincoln County suit, which is identical to that which had been filed in Nashville, is also very similar to the proceedings which were the subject of the two unpublished opinions of this Court in 1972 and 1973 above cited. The litigation seeks to prevent the consolidation of certain schools in Lincoln County, Tennessee. A public bond issue, approved by the Quarterly County Court of that county, is being delayed because of the pendency of these actions.

■ This Court, under its supervisory jurisdiction, will not permit an abuse of legal processes of this state for the purpose of harassment or delay. Every litigant or claimant in this state will be afforded an opportunity to present any meritorious claims he may have. No litigant will be permitted deliberately to harass public officials or delay the transaction of public business.

■ The oath of an attorney under which he is permitted to practice law in this state, as well as the ethical requirements of Rule 11 of the Tennessee Rules of Civil Procedure, requires that no attorney engage in harassing or unconscionable litigation.

We express no opinion whatever upon the merits of the Lincoln County litigation. We direct the Chancellor, however, to expedite the handling thereof and to set the same for hearing upon the issues presented under the pleadings as quickly as possible.

■ We recognize that a legitimate question may exist as to whether state officials may be sued in another county, other than the county of their official residence, in proceedings such as these. Where, however, there are bona fidè and material local defendants resident in the county of suit, rather than immaterial or token defendants, it may be possible to bring state officials into the county by counterpart service of process. In all events, in the present case, the state officials have willingly submitted to the jurisdiction of the Lincoln County Chancery Courts, and have stated at the bar of this Court that no issue will be raised in those proceedings as to such jurisidiction or as to the validity of any judgment which may be rendered by that Court, insofar as the matters of venue and jurisdiction are concerned.

Accordingly, the Lincoln County suit will proceed with dispatch, and any appellate proceedings therein or in the Davidson County case will also be expedited to the maximum extent possible.

The Chancellor at Fayetteville and the Chancellor at Nashville are directed to advise the Clerk of this Court at Nashville of any attempts at vexatious delay or harassment which may come to their attention, and the proceedings both in Davidson County and in Lincoln County will continue under the direct and close supervision and scrutiny of this Court.

■ The reason for this extraordinary action on the part of this Court are apparent from the record and from the two un-

published decisions of this Court previously referred to. This Court will not tolerate the thwarting of the issuance and sale of public bonds by vexatious litigation. Certain statements attributed to counsel for the appellants were read from newspaper articles at the bar of this Court, and were not denied. These statements were of a serious nature and indicated an intention on the part of counsel deliberately to delay the bond issue until building costs have so risen that the proposed school construction can no longer proceed. This is precisely what occurred in the Giles County litigation, which was the subject of the two unreported cases previously referred to. There litigation prosecuted by persons having no standing to sue was permitted to block an otherwise authorized and approved consolidated school project.

This Court, on the other hand, does not in any sense intend to intimidate any person or claimant having standing from prosecuting litigation and raising issues as to the validity of public bond issues and the actions of local or state officials, where the litigation is commenced in good faith and bona fide issues are presented, whether these are ultimately sustained or not.