Alfred M. STEWART et al., Appellants,

v.

Earl WAKEFIELD et al., Appellees.

Supreme Court of Tennessee.

April 15, 1976.

Rehearing Denied May 5, 1976.

Jack Kershaw, Nashville, for appellants.

D. C. Lee, Pulaski, C. Hayes Cooney, Chief Deputy Atty. Gen., Nashville, for appellees; R. A. Ashley, Jr., Atty. Gen., Nashville, of counsel.

OPINION

HARBISON, Justice.

This is the fourth action instituted by citizens, property owners, taxpayers, parents and children in Giles County, attempting to block a public school bond issue authorized pursuant to T.C.A. §§ 49–701 et seq. In this, as in the previous suits, it is insisted that the Quarterly County Court may not issue bonds such as those in question without a referendum.

■ This contention has been repeatedly rejected by this Court. In the case of *Wilds v. Coggins*, 496 S.W.2d 460 (Tenn.1973), the exact contentions made by the plaintiffs in these suits were rejected on their merits. They had also been rejected in the case of *State v. Safley*, 172 Tenn. 385, 112 S.W.2d 831 (1938). See also *Crewse v. Beeler*, 186 Tenn. 475, 212 S.W.2d 39 (1948); *Southern v. Beeler*, 183 Tenn. 272, 283, 195 S.W.2d 857 (1946).

The rule in these cases was followed in the case of *Mitchell v. Taylor*, Lincoln Equity, in an opinion issued by the Court of Appeals, Middle Section, on January 30, 1976, petition for certiorari in which was denied by this Court on April 1, 1976.

This issue, therefore, needs no further consideration, and the repeated attempts by the appellants to delay the public school bond issue here in question on that ground have become harassing and oppressive to the public officials involved to the extent that intervention by this Court has become imperative.

In two previous opinions issued by this Court, involving the construction of a high school building and public bond issues for that purpose, persons occupying the same status and classes as appellants have been held to be without standing to raise any of the other issues involved as to the local officials, and their standing to sue the State officials involved is governed by the decision of this Court in the case of *Sanders v. Carmichael*, 527 S.W.2d 92 (Tenn.1975).

It is acknowledged in the complaint filed by appellants that the effect of their previ-

ous suits has been to delay public bond issues, and no other purpose or reason for the filing of the present suit can be conceived, other than to continue to delay and harass public officials in the consummation of a duly authorized school bond issue.

In the case of *Mitchell v. Carmichael*, 522 S.W.2d 869 (Tenn.1975), this Court warned that it would not permit the legal processes of this State to be used for the purposes of harassment or delay. A similar warning had been contained in one of the earlier unpublished opinions of this Court on the same subject, involving the same attorney and some of the very same individuals who are appellants in the present case.

The trial court sustained a motion to dismiss by both the State and local officials for lack of standing, and we are of the opinion that his decision was soundly based not only upon that ground, but upon failure of the complaint to state a claim for which relief could be granted, particularly insofar as the referendum issue is concerned, that issue having been so thoroughly disposed of on repeated occasions by this Court.

The judgment of the trial court is accordingly in all things affirmed, at the cost of appellants.

In addition, appellants, and all persons acting in concert or privity with them, are enjoined from instituting any further litigation in the courts of this State questioning or attempting to challenge the validity of the bond issue here in question, and the cause will be remanded to the Chancery Court of Giles County for entry of and enforcement of a decree of injunction in accordance with this opinion.

FONES, C. J., and COOPER and BROCK, JJ., concur.

HENRY, J., not participating.