IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs January 29, 2025

**ALVIN DEAN SHAVER v. SEAN PHILLIPS, WARDEN**

**Appeal from the Circuit Court for Morgan County**
**No. 2024-CR-145   Jeffery Hill Wicks, Judge**

———————————————————

**No. E2024-01385-CCA-R3-HC**

———————————————————

In 1996, the Petitioner, Alvin Dean Shaver, pled guilty to two counts of first degree murder and was sentenced to concurrent terms of life without the possibility of parole. In 2024, the Petitioner applied for a writ of habeas corpus. He alleged that the trial court lacked subject matter jurisdiction to hear and adjudicate the charges because the statute pursuant to which he was convicted did not have the constitutionally required style, "Be it enacted by the General Assembly of the State of Tennessee." The habeas corpus court summarily dismissed the application for the writ, and the Petitioner appealed. Upon our review, we respectfully affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right;**
**Judgment of the Circuit Court Affirmed**

TOM GREENHOLTZ, J., delivered the opinion of the court, in which ROBERT H. MONTGOMERY, JR., and KYLE A. HIXSON, JJ., joined.

Alvin Dean Shaver, Wartburg, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; and Abigail H. Hornsby, Assistant Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTUAL BACKGROUND**

As alleged in his application for a writ of habeas corpus, the Petitioner pled guilty to two counts of first degree murder in December 1996. He received concurrent life

sentences without the possibility of parole. The Petitioner did not appeal or seek post-conviction relief from these judgments of conviction.

Twenty-eight years later, in July 2024, the Petitioner applied for a writ of habeas corpus. In his application, he alleged that the court where the original pleas were entered lacked subject matter jurisdiction to accept the pleas and impose the sentences. More specifically, the Petitioner asserted that he could not be prosecuted pursuant to Tennessee Code Annotated section 39-13-202 because the statute, as codified, did not contain the constitutionally required style—or enacting clause—"Be it enacted by the General Assembly of the State of Tennessee." *See* Tenn. Const. art. II, § 20.

The State filed a motion to dismiss the application, arguing that the Petitioner failed to state a claim for habeas corpus relief. More specifically, the State asserted that the alleged lack of jurisdiction did not appear on the face of the judgments or in the original trial record. It also maintained that the Petitioner's claim regarding the alleged absence of the required style in section 39-13-202 required "delving into the legislative history" of the enactment law and was not a cognizable claim for habeas corpus relief.

The habeas corpus court granted the State's motion and summarily dismissed the application by a written order filed on August 27, 2024. The Petitioner filed a timely notice of appeal seventeen days later.

## STANDARD OF APPELLATE REVIEW

With respect to every issue on appeal, our supreme court has recognized that a reviewing court must ask, "[W]hat is the appropriate standard of review?'" *State v. Enix*, 653 S.W.3d 692, 698 (Tenn. 2022). The principal issue in this case is whether the habeas corpus court should have granted relief. This question is one of law, and our standard of review is "de novo with no presumption of correctness given to the conclusions of the court below." *Davis v. State*, 313 S.W.3d 751, 755 (Tenn. 2010).

## ANALYSIS

In this appeal, the Petitioner argues that the trial court lacked jurisdiction to hear and adjudicate his case. He asserts that the Tennessee Constitution requires that all laws passed by the General Assembly contain the following style, "Be it enacted by the General Assembly of the State of Tennessee." He contends that because the statute under which he was prosecuted, Tennessee Code Annotated section 39-13-202, does not contain this style,

2

the law was void, and no indictment alleging a violation of this law could confer subject matter jurisdiction on a court.

In response, the State argues that the Petitioner's claim requires looking beyond the face of the judgments and trial record to delve into the legislative history of the first degree murder statute. It asserts that because the Petitioner has failed to establish that his judgments are facially void, he is not entitled to habeas corpus relief. We agree with the State.

The privilege of the writ of habeas corpus is constitutionally guaranteed by Article I, Section 15 of the Tennessee Constitution, which states that "the privilege of the writ of Habeas Corpus shall not be suspended, unless when in case of rebellion or invasion, the General Assembly shall declare the public safety requires it." Our supreme court has recognized that, "[u]nlike the federal writ of habeas corpus[,] which reaches as far as allowed by the Constitution, the scope of the writ within Tennessee does not permit relief from convictions that are merely voidable for want of due process of law." *State v. Ritchie*, 20 S.W.3d 624, 630 (Tenn. 2000). As such, successful prosecution of the writ "has long been limited to showing that the original judgment of conviction was void due to a lack of jurisdiction by the convicting court or to showing that the sentence has expired." *Id.* (emphasis added). Stated another way, "the purpose of a habeas corpus petition is to contest void and not merely voidable judgments." *Potts v. State*, 833 S.W.2d 60, 62 (Tenn. 1992) (emphasis added); *Edwards v. State*, 269 S.W.3d 915, 920 (Tenn. 2008) ("The determinative issue, then, in every habeas corpus proceeding is whether the challenged judgment is void.").

Despite the writ's being constitutionally guaranteed, the procedures used to issue the writ have been regulated by statute "at least since the Code of 1858." *Ritchie*, 20 S.W.3d at 629 (citation and internal quotation marks omitted); *see* Tenn. Code Ann. §§ 29-21-101, *et seq.* Among other things, the habeas corpus petitioner has the burden to demonstrate, by a preponderance of the evidence, that the judgment is void or that the confinement is illegal. *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). If the court determines that the petitioner has not presented a cognizable claim for relief, the court may summarily dismiss an application for a writ of habeas corpus. *Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004). This summary dismissal may occur without the appointment of counsel and an evidentiary hearing if nothing on the face of the judgment or in the underlying record indicates that the conviction is void or the sentence is expired. *Summers v. State*, 212 S.W.3d 251, 261 (Tenn. 2007).

3

In this case, the Petitioner asserts that because the statute pursuant to which he was prosecuted does not contain the required style, the law was void, and no indictment could confer jurisdiction on a court to hear and adjudicate his crimes. Initially, we agree that an act is invalid if it does not contain the constitutionally required style. *See Kefauver v. Spurling*, 290 S.W. 14, 14 (Tenn. 1926); *State v. Burrow*, 104 S.W. 526, 529 (1907) (recognizing that the legislature must comply with Article II, Section 20 "in all legislation, important or unimportant, enacted by it; otherwise, it will be invalid."). However, for two reasons, we respectfully disagree with the Petitioner that he is entitled to habeas corpus relief in this case.

First, even assuming that the Petitioner's argument is factually correct—and, as we discuss below, it is not—the argument would not provide a basis for a court to grant habeas corpus relief. To state a claim for habeas corpus relief under Tennessee law, a petitioner cannot simply allege that the judgment of conviction is void. Instead, that fact must appear "upon the face of the judgment or the record of the proceedings upon which the judgment is rendered[.]" *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). Habeas corpus relief is not available where a claim requires the court to examine sources beyond the judgment or outside of the record of proceedings, including reviewing how other facts would impact the trial court's jurisdiction. *See, e.g.*, *Ritchie*, 20 S.W.3d at 633 (holding that habeas relief is not available to resolve whether the United States had exclusive jurisdiction over the crime); *Bomar v. State ex rel. Stewart*, 300 S.W.2d 885, 888 (Tenn. 1957) (holding that habeas corpus relief is not available to establish whether the juvenile court had exclusive jurisdiction at the time of the crimes). Claims that rely upon proof outside of the original record or the face of the judgment should instead be raised in post-conviction proceedings. *See, e.g.*, *Ritchie*, 20 S.W.3d at 633; *Archer*, 851 S.W.2d at 164.

These limitations are important here because the Petitioner's judgments are each facially valid. Moreover, nothing in the appellate record compiled by the Petitioner shows that the judgments are void. Instead, to resolve the Petitioner's claim, we would have to consider proof outside the record, including the legislative history of the original 1995 Public Act, which enacted the statute pursuant to which the Petitioner was charged and convicted. For this reason, we have previously rejected a claim that habeas corpus relief is available on the basis of an allegedly omitted enacting clause. *See Herndon v. State*, No. W2011-01435-CCA-R3-HC, 2012 WL 5868932, at *4 (Tenn. Crim. App. Nov. 20, 2012) (recognizing that habeas corpus relief is not available for such a claim because it requires examination of sources that "were not part of the record in the convicting court and are clearly beyond the face of the judgment."), *perm. app. denied* (Tenn. Apr. 9, 2013). Because the nature of the Petitioner's claim relies upon proof outside of the original record of the proceedings, he has not stated a cognizable claim for habeas corpus relief.

4

Second, even if the Petitioner had stated a cognizable claim for habeas corpus relief—and he has not—the premise of his argument is incorrect. The Petitioner was convicted and sentenced pursuant to Tennessee Code Annotated section 39-13-202. The relevant provisions of this statute were enacted as part of Public Chapter 460 of the 1995 Public Acts. Our own examination of that Public Chapter reveals that it did contain the constitutionally required style, "Be it enacted by the General Assembly of the State of Tennessee." *See* 1995 Tenn. Pub. Acts, ch. 460. Thus, the Public Chapter fully complied with the requirements of Article II, Section 20 of our constitution.

It is of no moment, as the Petitioner asserts, that the style from Public Chapter 460 was not codified in Tennessee Code Annotated section 39-13-202. The General Assembly has authorized the Tennessee Code Commission to compile and publish the official compilation of the "statutes, codes and session laws of the state of Tennessee[.]" Tenn. Code Ann. § 1-1-105(a). In so doing, the legislature has specifically empowered the Commission "to omit enacting clauses" when preparing "the manuscript of the revised compilation[.]" *See* Tenn. Code Ann. § 1-1-108(a). As such, the absence of the style in the codified statute says nothing about the validity of the original legislative enactment. We also note that in every year relevant to the Petitioner's case, the General Assembly has enacted this official compilation into law, each time with legislation also bearing the appropriate style. *See* Tenn. Code Ann. § 1-2-114.

We conclude that the premise of the Petitioner's argument is incorrect and that the trial court had jurisdiction to hear and adjudicate his crimes. As such, the Petitioner is not entitled to habeas corpus relief.

## CONCLUSION

In summary, we hold that the Petitioner has failed to show, from the face of his judgments or the record of the proceedings upon which the judgments were rendered, that the trial court was without subject matter jurisdiction. As such, we respectfully affirm the judgment of the habeas corpus court summarily dismissing the Petitioner's application.

s/ **Tom Greenholtz**
TOM GREENHOLTZ, JUDGE

5